### L. G. CATTY CO. v. CANTOR.

(Supreme Court, Appellate Term. February 9, 1911.)

APPEAL AND ERROR (§ 889*)—AMENDMENTS ON APPEAL—CONFORMITY TO PROOF.
  Where the evidence in an action for fraud and conversion of money furnished defendant to construct and complete a machine for plaintiff did not show a conversion of the money or material purchased therewith, or misrepresentations of fact by defendant, but simply showed a failure to properly account for the money furnished, the complaint will not be regarded as amended on appeal to conform to the proof, so as to affirm the judgment for plaintiff, rendered on the theory of failure to furnish a completed machine within a reasonable time as agreed.

  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3621, 3622; Dec. Dig. § 889.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the L. G. Catty Company against Allen Cantor. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Morris Grossfield, Jr., for appellant.
Dittenhoefer, Gerber & James, for respondent.

LEHMAN, J. The plaintiff corporation employed the defendant, an inventor, to make a machine for it that would do certain work which had apparently been done by hand. It was agreed that the plaintiff should pay the cost of the machine, but there is an apparent conflict as to whether the cost was guaranteed not to exceed $250, or whether the cost of $250 was mentioned merely as an approximate figure. It does, however, appear that the plaintiff has given the defendant $250, with the understanding that this sum should be expended in the purchase of parts for the machine, and that the defendant has not properly accounted for the money given him, and has not completed the machine, but claims that he requires more money and more time. The action was brought under oral pleadings for fraud and conversion. The trial justice, at the close of the case, rendered a money judgment for $250, apparently holding that a breach of contract to deliver a completed machine, either within 30 days or within a reasonable time, had been shown.

An examination of the record discloses the fact that no cause of action for fraud or conversion was shown. The evidence of the plaintiff shows no material misrepresentation of fact at the making of the contract, but simply a failure to properly account thereafter, and fails to show a conversion thereafter of the money or of the parts purchased with such money. The parties apparently contemplated that the parts as made or purchased and paid for out of the funds of the plaintiff should belong to it, and the defendant seems to have tendered these parts to the plaintiff and to have produced them in court; but there is no testimony that the reasonable cost of these parts would not exhaust the $250. The plaintiff's attorney claims that the cause of action as alleged was sufficiently proven; but he fails to present in his brief either argument or citation to sustain this claim, and rests rather on the proposition that since the evidence sufficiently shows a breach of contract to deliver, and the judgment of the trial justice is based upon a finding to this effect, we should regard the pleadings as amended to conform to the proof, and should affirm the judgment, without regard to technical errors, according to the justice of the case.

While frequently I believe that justice is promoted by disregarding the form of oral pleadings, and affirming or reversing in accordance with the proof presented upon the question actually litigated, it is shown that this should be done only in such cases as the parties present their proof with a view to the litigation of that particular question, regardless of the pleadings. In this case, however, the plaintiff has taken the position that it is bringing the action only because it believes that the defendant has not expended the money given to him for the benefit of the plaintiff, and the proof of the time of delivery under the contract was introduced only for the purpose of showing the terms of the contract under which that payment was made. The defendant may have other evidence to meet the plaintiff's testimony on this point, by showing a waiver of the time limit. He

should, therefore, be permitted to litigate this question at a trial where it is regarded by both parties as an issue in the case. Under the peculiar circumstances of the case, we have no reason to doubt that at a new trial the justice will allow an amendment of the complaint without imposing terms, and justice will be subserved by an orderly trial of the issues raised by the amendment.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.